ALVAREZ *v.* SUCESIÓN CHAVIER.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 136.—Resuelto en junio 25, 1907.

ACCIÓN REIVINDICATORIA—TERCERO.—Los terceros á que se refieren los artículos 23, 25 y 27 de la Ley Hipotecaria son únicamente aquellos que sobre las fincas ó

derechos que son objeto del litigio tienen inscritos con anterioridad sus respec tivos títulos.

DEMANDA REIVINDICATORIA—EXCEPCIÓN PREVIA GENERAL—DOCUMENTO NO INS-CRITO.—Contra una demanda reivindicatoria en la que el demandante alega ser dueño de la finca en litigio, en virtud de una escritura pública que no había sido inscrita, no puede interponerse con éxito la excepción previa general de falta de causa de acción, invocando el artículo 389 de la Ley Hipotecaria, porque este artículo únicamente tiene aplicación en el acto de la presentación de la prueba, y sólo puede ser invocado por un demandado que reuna los requisitos de tercero definidos en el párrafo anterior.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

La parte apelada no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este pleito fué entablado en la Corte de Distrito de Ponce para reivindicar la propiedad de una finca de café de seiscientas siete cuerdas, y para que se declarase nula una ejecución trabada en la misma; y en el interín á suspender la venta que había de verificarse, de acuerdo con dicha ejecución. La demanda fué presentada el día 10 de noviembre de 1906, y se hizo la notificación en 20 del mismo mes. El día 27 de dicho mes se presentó una excepción previa general, que fué sostenida el día 6 de marzo último pasado. La corte, al sostener la excepción previa general, hace referencia al artículo 247 del Código de Enjuiciamiento Civil, y al artículo 309 de la Ley Hipotecaria, declarando que la demanda no consignaba hechos suficientes para determinar una causa de acción, y que no había lugar á un *injunction,* anulando la orden prohibitoria provisional anteriormente expedida, y condenando al demandante al pago de las costas.

Contra esta sentencia el demandante interpuso recurso de apelación para ante esta corte y pide la revocación de la sentencia. En su demanda consigna que es el dueño de 607 cuerdas de terreno que se describen en la misma, y que fué tal dueño con anterioridad á la ejecución del mismo, poseyéndolo, en virtud de una escritura de traspaso otorgada por Doña Nicolasa Bosch, viuda de Giraldez, que recibió el terreno

al verificarse la partición de los bienes de su marido.   Además, dice que adquirió el terreno en virtud de escritura pública que no había sido inscrita, y ia fecha de la cual no podía precisar en el momento, puesto qae era inaccesible dicha escritura.

El artículo 389 de la Ley Hipotecaria á la letra dice así:

"Desde que empiece á regir esta ley no se admitirá en los juzgados y tribunales ordinarios y especiales, en los consejos y en las oficinas de Gobierno, ningún documento ó escritura de que no se haya tomado razón en el registro, por el cual se constituyeren, transmitieren, reconocieren, modificaren ó extinguieren derechos sujetos á inscripción, según la misma ley, si el objeto de la presentación fuese hacer efectivo, en perjuicio de tercero, el derecho que debió ser inscrito.

"No obstante, lo dispuesto en el párrafo anterior, podrá admitirse, en perjuicio de tercero, el documento no inscrito y que debió serlo, si el objeto · de la presentación fuese únicamente corroborar otro título· posterior que hubiese sido inscrito.

"También podrá admitirse el expresado documento cuando se presente para pedir la declaración de nulidad y consiguiente cancelación de algún asiento que impida verificar la inscripción de aquel documento."

Este artículo no es. aplicable al presente caso, porque el demandante no ha presentado á la corte ningún documento que había sido admitido en el registro y que debió haber sido rechazado, y además, no aparece que el demandado, con respecto al demandante, debía considerarse como tercero.   En el caso de *Pedro Auffant* v. *Raimundo Valdecilla y otros,* resuelto el 24 de julio de 1900, esta corte dice:

"Según la doctrina de las sentencias del. Tribunal Supremo de Madrid de diez y siete de mayo y doce de diciembre de mil ochocientos noventa y ocho, los terceros á que se refieren los artículos 23, 25 y 27 de la Ley Hipotecaria son únicamente aquellos que sob:e las fincas ó derechos que son objeto del litigio tienen inscritos con anterioridad sus respectivos títulos, y que la prescripción del artículo 389 de la propia ley, según la cual deben rechazarse en juicio los títulos sujetos á inscripción no inscritos, se limita ó ,contrae á los que perjudiquen á tercero en el sentido que tiene esta palabra dentro de nuestro sistema hipotecario."

De  acuerdo con esta doctrina es claro que el demandado no puede considerarse  como tercero hasta que no haya sido probado á satisfacción de la corte que él tiene inscrito en el registro de la propiedad algún título real sobre los bienes de que se trata.  No aparece en el récord en cuanto á este particular ninguna prueba que esté encaminada á sostener este punto.

Con respecto al artículo 247 del Código de Enjuiciamiento Civil el cual no es necesario reproducir, puede decirse que no podemos considerar la aplicación de ese artículo en la discusión de una excepción previa general.  Si hubiera sido la intención del apelado insistir sobre este punto, debía haber dirigido sus alegaciones á la jurisdicción de la corte, y no ha debido confiar solamente en una excepción previa general.

El artículo citado no justifica la acción de la corte inferior al sostener la excepción previa general á la petición del demandante.

Somos de opinión que las alegaciones en la petición, especialmente donde dice que el demandante es el dueño del terreno en cuestión y que lo recibió, en virtud de una escritura pública, otorgada por una persona que decía que era dueña del mismo, es suficiente para sostener su causa de acción contra los ataques de una excepción previa general.

Por las razones expuestas, debe revocarse la sentencia dictada por la corte de distrito y devolverse la causa para seguirla de acuerdo con el presente dictamen.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.